8653

STATE *EX REL.* BATES v. BOARD OF COUNTY COMMISSIONERS.

CHAIN GANG.—Under the proviso to sec. 957 of the Code of 1912, the county chain gang should not be worked as near as a town block to the employees of a road contractor, but as the status of the Codes is now before the Court for adjudication, this issue should be determined by the Court.

Petition in the original jurisdiction of the Court by H. G. Bates *et al.,* for injunction against the Board of County Commissioners of Richland county.

*Messrs. DeBruhl & McLaughlin,* for petitioners.

*Messrs Clarkson & Clarkson* and *Melton & Belser,* contra.

September 24, 1913.

MR. JUSTICE FRASER. This is a proceeding in the original jurisdiction of this Court to enjoin the county authorities of Richland county from using the chain gang of Richland county in the construction of a highway within what was formerly the town of Shandon, now a part of the city of Columbia.

There are several questions involved in the hearing on the merits, but one is sufficient for the purposes of this motion.

It is conceded by the county authorities that the road is being built under contractors. The county is to prepare the road for a top covering of bitulithic covering and the bitulithic covering is to be put on by the employees of the contractors. It is further conceded that the chain gang is kept only from a half to a block in advance of the contractors' employees.

The Code of 1912, section 957, contains this proviso: "Provided that said chain gang shall not be worked in connection with or near *any road contractor* or overseer."

The Century Dictionary defines "connection:"

1. "The state of being connected or joined; union by junction, by an intervening substance or medium, by dependence or relation or by order in a series."

Where one is laying the substructure and the other the superstructure, the parties are working in connection with each other. On the face of the statute it appears to be for-

bidden. The effect of the several statutes on each other can not be settled until the exact status of the Codes under the Constitution is determined. That question is now before the Supreme Court and ought not to be decided by one member. On the face of this statute, the collaboration of the chain gang and the employers of a contractor is forbidden, and the respondents ought not to proceed in this way until the question can be heard by the full Court.

It is, therefore, ordered, that the respondents be, and they are hereby enjoined from using the chain gang in connection with the employees of the contractors in the building and construction of the road mentioned in the petition herein, until the hearing of the proceeding in open Court and the determination thereof by its judgment herein.